IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   CRIMINAL NO. 6:09-CR-178(1)-ADA |
| | § |
| KATINA ROCHELLE CANDRICK | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Katina Rochelle Candrick's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

On October 13, 2010, Judge Walter S. Smith Jr. sentenced KATINA ROCELLE CANDRICK based on a two-count indictment for the following offenses: (1) Unlawful Possession of a Fraudulent Identification Document and Aiding and Abetting in violation of 18 U.S.C. §§ 2, 1028(a)(7), and 1028(b)(2)(B); and (2) Conspiracy to Commit Identity Theft in violation of 18 U.S.C. §§ 1028(a)(7), 1028(b)(1)(D), and 1028(f). Judge Smith sentenced Candrick to a term of imprisonment for (60) months confinement as to Count One and one-hundred and twenty (120) months confinement as to Count 2, three (3) years of supervised

release on each count to run concurrently, a $200 special assessment, and $163,272.67 in restitution. Candrick's period of supervised release began on October 21, 2022.

On August 28, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging that Candrick violated the terms of her supervision in the following ways:

> **Violation Number 1:** Candrick violated mandatory condition number 1; she shall not commit another federal, state, or local crime
>
> **Violation Number 2:** Candrick violated Standard Condition Number 6; she shall notify the Probation Officer at least ten days prior to any change in residence or employment
>
> **Violation Number 3:** Candrick violated Standard Condition number 13; as directed by the probation officer, she shall notify third parties of risks that may be occasioned by her criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm Candrick's compliance with such notification requirement.

On December 9, 2025, the Court held a hearing on the petition. At the hearing, Candrick pled **NO CONTEST** to Violation Number 1 and **TRUE** to Violation Number 2 and Violation Number 3. The petition contained a sufficient factual basis to support pleas of **NO CONTEST** and **TRUE**.

## II.  FINDINGS OF THE COURT

Based on Candrick's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1. Candrick violated the conditions of her supervision as alleged in the petition.

2. Candrick was competent to make the decision to enter pleas of **NO CONTEST** and **TRUE**.

3. Candrick had both a factual and rational understanding of the proceedings against her.

4. Candrick did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her pleas.

5. Candrick was not under the influence of any drugs, alcohol, or medication that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her pleas.

6. Candrick was sane and mentally competent to stand trial for these proceedings.

7. Candrick was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8. Candrick received a copy of the petition naming her, and she either read it or had it read to her.

9. Candrick understood the petition and the charges alleged against her.

10. Candrick had a sufficient opportunity to discuss the petition and charges with her attorney.

11. Candrick was satisfied with the job her attorney has done and had no complaints about her attorney.

12. Candrick understood that she had the right to plead NOT TRUE and proceed with a hearing at which she could present evidence and cross-examine witnesses.

13. Candrick freely, intelligently, and voluntarily entered her pleas of **NO CONTEST** and **TRUE**.

14. Candrick understood her statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Candrick's pleas of **NO CONTEST** and **TRUE**.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Candrick's supervised released be **REVOKED** and that she be sentenced to the following:

(1) a twenty-four (24) month term of imprisonment, including credit for any time already served since her arrest;

(2) no period of supervised release to follow; and

(3) the undersigned further **RECCOMENDS** that Candrick serve her term of imprisonment at FMC Carswell.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of December, 2025.

                                        DAN MACLEMORE
                                        UNITED STATES MAGISTRATE JUDGE